**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 14, 2006
Decided July 18, 2006

**Before**

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-4114

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division |
| *v.* | No. 1:05CR0005-001 |
| HENRY BEATTY, *Defendant-Appellant.* | John Daniel Tinder, *Judge.* |

## O R D E R

Police officers stopped a van driven by Henry Beatty for failing to signal a turn and discovered two shotgun shells inside. Beatty, a convicted felon, confessed to the officers that he had two shotguns at his home, and the police recovered them during a search. A jury convicted Beatty of possession of firearms and ammunition by a felon, 18 U.S.C. § 922(g)(1), and the court sentenced him to two concurrent sentences of 62 months' imprisonment and three years' supervised release. Beatty filed a notice of appeal, but his appointed counsel now seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he is unable to discern a nonfrivolous issue to pursue. Counsel's *Anders* brief is facially adequate, and Beatty has not responded to our invitation under Circuit Rule 51(b) to comment on

counsel's submission.  Thus, we limit our review to those potential issues identified in counsel's brief.  *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997).

Counsel first considers whether Beatty could challenge the district court's decision to admit a container filled with shotgun shells that police discovered in his home.  Prior to trial Beatty argued under Federal Rule of Evidence 403 that the admission of the shells would be unfairly prejudicial.  Though he was not charged with possessing the shells, the court determined that they would link Beatty to the shotguns found in his home.  We would review the district court's decision to admit the shells for abuse of discretion.  *United States v. Hale*, 448 F.3d 971, 985 (7th Cir. 2006).  Beatty acknowledged the guns were at his home, and the shells were evidence that he had guns in his possession.  We agree with counsel that it would be frivolous to argue the court erred by admitting them at trial.

Counsel next considers whether Beatty could argue the district court erred by allowing one of the police officers who stopped his van to testify that he arrested Beatty pursuant to an outstanding warrant.  Beatty argued prior to trial that knowledge of the outstanding warrant would prejudice the jury.  We would review this decision for abuse of discretion as well.  Federal Rule of Evidence 404(b) prohibits the use of "evidence of a defendant's history of illegal or unethical acts to prove that he is a person of bad character."  *United States v. Paladino*, 401 F.3d 471, 474-75 (7th Cir. 2005); *see* Fed. R. Evid. 404(b).  The rule does not "bar the admission of evidence of acts so inextricably intertwined with, or intricately related to, charged conduct that it helps the factfinder form a more complete picture of the criminal activity."  *Hale*, 448 F.3d at 984 (quotation marks and citation omitted); *see* Fed. R. Evid. 401.  Even relevant evidence, though, will be excluded if it is unfairly prejudicial.  *See* Fed. R. Evid. 403.  Here, we agree with counsel that Beatty's outstanding arrest warrant was relevant to the officer's basis for arresting Beatty after the stop.  The resulting prejudice to Beatty, if any, was not outweighed by its probative value.

Third, counsel considers whether Beatty could argue that the government's use of Keyona Ervin's grand jury testimony to impeach her testimony at trial violated the right to confrontation described in *Crawford v. Washington*, 541 U.S. 36 (2004).  Ervin, a government witness, testified that she bought one of the shotguns found at Beatty's home and later saw him handle that gun but did not remember whether he also handled the second shotgun.  When she previously appeared before the grand jury, however, Ervin had testified that she witnessed Beatty handle "long guns" other than the one she purchased.  The prosecutor, over Beatty's objection, introduced Ervin's grand jury testimony.

In *Crawford* the Supreme Court held that the admission of testimonial hearsay evidence at trial violates the Sixth Amendment when the witness is

unavailable and cannot be cross-examined by the defendant. *See id.* at 68; *see also United States v. Price*, 418 F.3d 771, 780-81 (7th Cir. 2005). Beatty's argument that *Crawford* should be extended to prohibit the use of a witness's grand jury testimony to impeach her at trial would be frivolous. Ervin testified at Beatty's trial, obviating the concern expressed in *Crawford* regarding an unavailable witness. *See United States v. Garcia*, 447 F.3d 1327, 1335-36 (11th Cir. 2006). Moreover, her prior inconsistent statement before the grand jury was not hearsay under Federal Rule of Evidence 801(d)(1)(A). *See United States v. Young*, 316 F.3d 649, 659 (7th Cir. 2002) (noting prior grand jury testimony admitted to show inconsistent trial testimony not hearsay) .

Finally, counsel considers whether Beatty could challenge his overall sentence as unreasonable. But counsel is unable to construct an argument that Beatty's concurrent prison and supervised release terms should have been lower. Beatty did not object to the presentence report, and he received sentences within his advisory guidelines range that are presumptively reasonable, *see United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). We agree with counsel that any argument that Beatty's sentences are unreasonable would be frivolous.

Accordingly, we GRANT the motion to withdraw and DISMISS the appeal.